IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARLIN HILL and JESSIE L. HILL PLAINTIFFS

v. Case No. 2:11-CV-02182

GEICO INSURANCE DEFENDANT

**ORDER**

Currently before the Court are Defendant's Motion for Partial Summary Judgment (Doc. 14), Plaintiffs' Motion to Continue (Doc. 23), and a Motion to Quash Subpoena (Doc. 26) filed on behalf of Brian Wood. The Court will address each Motion in turn.

Defendant Geico Insurance ("Geico") moves for partial summary judgment as to claims brought by Jessie[1] L. Hill ("Mr. Hill"). Mr. Hill claims that he was injured in an automobile accident caused by a third-party tortfeasor. Subsequent to the accident, Mr. Hill settled his claims against the third-party tortfeasor. As a part of that settlement, Mr. Hill signed a release in which he discharged the tortfeasor and his insurance company "from any and all claims" including "any loss of consortium claim of Jesse L. Hill" resulting from the accident. (Doc. 21-1, p. 7). Mr. Hill has therefore settled his claims, including any claim for loss of consortium, with the third-party tortfeasor's insurance company. Both parties agree that Mr. Hill did not exhaust the policy limits in settling for $8,000 and is therefore not entitled to bring a separate claim for underinsured motorist protection under his insurance policy with Geico. Mr. Hill is likewise unable to bring a claim for loss of consortium, which has already been settled, as a derivative claim to Darlin Hill's

[1] Plaintiffs' Complaint (Doc. 3) lists Jessie L. Hill as a plaintiff. Some other documents have his name as Jesse L. Hill. The Court, except when quoting from other documents, will use the name as spelled by Plaintiffs in their Complaint.

underinsurance claim. Plaintiffs have cited to no authority that would dissuade the Court from reaching this logical conclusion. The Court finds that no genuine dispute remains as to whether Mr. Hill may bring a loss of consortium claim in this action, and Defendant's Motion for Partial Summary Judgment (Doc. 14) should be granted.

As to Plaintiffs' Motion to Continue Trial, Plaintiffs move for continuance citing the following issues: discovery issues which were the subject of a Motion to Compel filed by Plaintiffs; Defendant's designation of an expert approximately one week before the discovery deadline; and uncertainties in Plaintiffs' expert's schedule due to the fact that the expert is in the process of relocating his medical practice and cannot firmly commit to being available to provide live testimony at trial. Plaintiffs' Motion to Compel has since been denied, so issues regarding the need for further discovery in relation to that Motion are now moot. The Court did not set deadlines for expert disclosures, and Plaintiffs do not claim that Defendant's disclosure was untimely under the Federal Rules of Civil Procedure. Taking Plaintiffs' assertion as true that they received Defendant's expert's report on June 25, 2012, it appears that the disclosure was made "at least 90 days before the date set for trial" as required by Federal Rule of Civil Procedure 26(a)(2)(D)(i), and no discovery motion challenging the disclosure was made. Finally, the Court finds that the busy schedule of Plaintiffs' expert does not constitute good cause to continue this trial. It is generally impossible to accommodate the schedule of every individual involved in a civil trial, and the parties must nonetheless be prepared to present their case at the time set by the Court. Geico has suggested that, if the Court were to continue the trial, it should be continued for a short period of time only to allow Plaintiffs to depose Geico's adjuster subject to the ruling on the Motion to Compel. The Court's current docket, however, does not allow for a short continuance. It is the Court's view that no

continuance is necessary.  For all of the above reasons, the Court finds that Plaintiffs' Motion to Continue (Doc. 23) should be denied.

As to the Motion to Quash, Brian Wood argues that the subpoena issued by Defendant requiring him to appear at trial imposes an undue burden upon him and should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv).  Mr. Wood claims that the subpoena is unduly burdensome due to the fact that he is scheduled to try a case October 2-3 and scheduled to take out-of-state depositions, in what the Court recognizes is a large and complex case, later in the week.  Mr. Wood further states that he needs October 1 to be able to prepare to try his case starting the next day. Without knowing the specific nature and relevance of Mr. Wood's testimony, the Court cannot weigh Defendant's interest in having him appear at trial against the burden imposed on Mr. Wood. Assuming that Mr. Wood's testimony is highly relevant to the issues to be tried, the Court cannot find, based merely on Mr. Wood's current schedule, that it would be unduly burdensome for him to appear at trial.  The parties are instructed, however, to make every effort to accommodate Mr. Wood's schedule to the extent possible.  The Court will permit Mr. Wood to testify out of turn if doing so would ease the burden in accommodating his ability to appear at trial.  Both Defendant and Mr. Wood request that the parties be ordered to take an evidentiary deposition of Mr. Wood to be presented at trial.  While the Court is not opposed to the parties accommodating Mr. Wood in that fashion, and Plaintiffs are certainly free to agree to doing that, the Court will not order that a deposition be taken at this late juncture.  The Court finds that Mr. Wood's Motion to Quash (Doc. 27) should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Summary Judgment (Doc. 14) is GRANTED.  Jessie L. Hill is denied all relief and dismissed as a party to this case.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Continue Trial (Doc. 23) is DENIED. This case remains set for trial beginning October 1, 2012 at 9:00 a.m.

IT IS FURTHER ORDERED that Mr. Wood's Motion to Quash (Doc. 26) is DENIED.

IT IS SO ORDERED this 18th day of September, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE