IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARLIN HILL                                                                                              PLAINTIFF

v.                                            Case No. 2:11-CV-02182

GEICO INSURANCE                                                                                DEFENDANT

## ORDER

Currently pending before the Court are Defendant Geico Insurance's ("Geico") Motion in Limine (Doc. 34) and brief in support (Doc. 35) as well as Geico's Motion to Quash Subpoena (Doc. 41) and brief in support (Doc. 42).

The Court held a pre-trial conference on September 26, 2012 during which the parties were able to advance additional arguments concerning these motions on the record. This Order sets forth the Court's rulings on the above-listed motions. To the extent that this Order conflicts with any oral pronouncement at the pre-trial conference, the findings in this Order are the final and binding findings of the Court in the current matter.

As to Geico's Motion to Quash, the Court must grant the Motion to Quash pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii), as the subpoena at issue "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . ." Elizabeth Bray resides and works outside of Arkansas and outside of 100 miles from this Court.

As to Geico's Motion in Limine (Doc. 34), the Motion is GRANTED IN PART insofar as the Court finds that any traffic ticket received by the third-party tortfeasor in connection with the


underlying motor vehicle accident in this case, or any payment thereof, is inadmissible unless Plaintiff can show proof of an admission or adjudication of guilt as to the charges contained therein. *See, e.g., Johnson v. Leuthongchak*, 772 A.2d 249 (D.C. Cir. 2001) ("[f]ollowing the overwhelming authority" in affirming district court's exclusion of evidence of payment of a traffic ticket).

Geico's Motion in Limine (Doc. 34) is DENIED IN PART insofar as the Court finds that the accident report is admissible under Federal Rule of Evidence 803(8)(B) or (C), unless Geico can otherwise show a lack of trustworthiness as to the report. *Simmons v. Chicago & N.W. Transp. Co.*, 993 F.2d 1326, 1328 (8th Cir. 1993) ("[t]he party opposing the admission of the matter reported as a public record has the burden of proving lack of trustworthiness") (quoting *Faries v. Atlas Truck Body Mfg. Co.*, 797 F.2d 619, 622 (8th Cir. 1986)). Geico may, however, renew its objections at trial, including any objections as to the content included within the report.

In all other respects, Geico's Motion in Limine is DENIED without prejudice to Geico's renewing any objections at trial. The Court will address the remaining issues if any such issues arise at trial and make a final ruling as to admissibility at that time.

IT IS THEREFORE ORDERED that Geico's Motion to Quash (Doc. 41) is GRANTED, and the subpoena directing Elizabeth Bray to appear and testify at the trial of this matter is QUASHED.

IT IS FURTHER ORDERED that Geico's Motion in Limine (Doc. 34) is GRANTED IN PART and DENIED IN PART as set forth above.

IT IS SO ORDERED this 26th day of September, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE